Eric Bjorgum (Bar No. 198392)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
eric.bjorgum@kb-ip.com
Tel:   (213) 785-8070
Fax:   (213) 995-5010

Attorneys for Plaintiff MONTE THRASHER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MONTE THRASHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARCI SIEGEL; CO-OP 28, an unknown business entity; BUKOWSKI'S, an unknown business entity; and DOES 1 – 10, inclusive.<br><br>Defendants. | Case No.   2:cv-17-3047<br><br>**COMPLAINT FOR:**<br><br>(i) **VIOLATION OF THE VISUAL ARTISTS ACT OF 1990 (17 U.S.C. § 106A);**<br>(ii) **VIOLATION OF THE CALIFORNIA ART PRESERVATION ACT (Cal. Civ. Code § 987(c) (1); and**<br>(iii) **CONVERSION.**<br><br>JURY DEMANDED |

1
COMPLAINT

Plaintiff MONTE THRASHER ("THRASHER" or "Plaintiff") complains and alleges against Defendants MARCI SIEGEL, CO-OP 28, BUKOWSKI'S, and JOHN DOES 1- 10, inclusive (collectively, "Defendants"), on personal knowledge as to their own actions and on information and belief as to the actions of others, as follows:

## JURISDICTION AND VENUE

1. This action arises under section 106A of the Copyright Act of 1976, as amended in 1990 to include the Visual Artists Rights Act ("VARA"). This Court has jurisdiction over matters arising under VARA pursuant to 28 U.S.C. § 1331 (federal question actions), 28 U.S.C. § 1338 (a) (exclusive jurisdiction over copyright actions) and 17 U.S.C. § 501 (remedies for copyright infringement include rights under VARA). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because they arise from the same facts and concern the same subject matter as the federal claims.

2. Defendants are subject to the personal jurisdiction of this Court inasmuch as they are located in California or have purposefully availed themselves of the privileges of doing business in California with regard to the actions alleged herein, and such jurisdiction is reasonable.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3).

## PARTIES

4. Plaintiff THRASHER is an individual residing in Los Angeles County, California. THRASHER is an accomplished muralist and artist who created the mural known as "Six Heads" that is at issue in this action.

5. On information and belief, Defendant MARCI SIEGEL is an individual residing in Los Angeles, California.

6. On information and belief, Defendant CO-OP 28 is a business of

unknown form operating in the Los Feliz neighborhood of Los Angeles, located at 1728 N. Vermont Avenue.

7. On information and belief, BUKOWSKI'S is a business entity of unknown form operating in Los Feliz.

8. On information and belief, Defendant JOHN DOES 1 is the owner of the building at 1728 N. Vermont Ave., Los Angeles, California 90027.

9. On information and belief Defendant John Doe 4 is the employer of workers who painted over Plaintiff's mural located at 1728 N. Vermont Ave., Los Angeles, as discussed further below.

10. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 2 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names. Plaintiff will seek leave of this court to amend this complaint when the status and identities of these defendants are ascertained.

11. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were agents of each other and were acting within the scope and authority of that agency and with knowledge, consent and approval of one another.

12. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting wantonly, oppressively and/or with malice.

**GENERAL ALLEGATIONS**

A. <u>Thrasher's Work as a Muralist</u>

13. THRASHER is a noted designer and illustrator based in Los Angeles, California, who designed the Romulan Star Empire insignia as well as the Romulan script for *Star Trek: The Next Generation*. It first appeared in the first season

episode "The Neutral Zone" and more specific in later episodes including fifth season's "Unification I" and "Unification II" and sixth season's "Face of the Enemy."

14. THRASHER has spent significant time living and working in the Los Feliz area of Los Angeles. In 1992 he began work on his mural "Six Heads," which drew upon his experiences in science fiction artwork and also became his personal homage to Los Feliz, an area of Los Angeles that is known for supporting the arts and artists. A true and correct photo of "Six Heads" is attached hereto as Exhibit A and is incorporated herein by reference.

15. For many years, "Six Heads" was a beloved contribution to the Los Feliz neighborhood. It was rarely, if ever, vandalized, and THRASHER returned periodically to touch up the mural. THRASHER has spoken with many people over the years who recognize and appreciate "Six Heads." The mural has received numerous positive accolades by online reviewers. For instance:

   a. "These striking murals in the lively Los Feliz district of Los Angeles, are by noted artist Monte Thrasher."
   b. "Each head displays Thrasher's unique style of blending science with artful fantasy: studies of human skulls, Twiggy the World's Ugliest Dog, a Klein bottle and self portrait."
   c. "Strong mural in Loz Feliz in Hollywood by Monte Thrasher."

16. "Six Heads" was often photographed and was even used as a backdrop for filming. It was used as a backdrop for fashion shoots and by the local dress and fashion designers and boutiques. Its location was ideal, as it was visible from the neighborhood's main street, Vermont, one block from Hollywood/Prospect Blvd., well lit but not in direct sunlight, so that its colors were still vivid. No trees or other obstructions blocked it from view.

17. On Thrasher's occasional visits to refresh the mural and paint out graffiti he discussed his work with tourists and residents of the Los Feliz neighborhood he loves. The mural was intended as a gift to them. And he connected

with the local taggers and graffiti artists, who respected the artwork, which was painted by hand with a brush, and generally left alone.

18. On or about July 10, 2014, "Six Heads" was destroyed, in broad daylight. Witnesses looked on in shock as workers desecrated and painted out the mural in broad daylight. Residents of Los Feliz tend to move less than other Angelenos, and they are aware of the history of the neighborhood. Photos were taken and forwarded to THRASHER. Attached hereto as Exhibit B are true and correct copies of photos taken while "Six Heads" was being destroyed.

19. Perhaps most shocking is the fact that THRASHER's email address appears on "Six Heads," and he could have been contacted to document or possibly move or save "Six Heads" before it was destroyed.

20. THRASHER immediately received email communications from witnesses and residents, expressing outrage. One of them called it "an iconic fixture in the Los Feliz neighborhood." The witnesses pleaded with the workers to stop, but they refused.

21. It was later revealed the mural was painted out so that a mural of Charles Bukowski, the noted poet and tragic alcoholic, could be painted, ostensibly to promote a bar to be known as "Bukowski's."

22. THRASHER later retained counsel, who contacted the business occupying the building that displayed the mural, as well as the property management company. He received a curt response from the property management company.

23. Over a year later, during a zoning meeting regarding the proposed bar, citizens were still complaining about the destruction of the mural. Counsel for THRASHER wrote to the proprietor of the proposed bar. The situation was covered in the "Los Feliz Ledger."

24. THRASHER's counsel received no response. Defendants' failure to seriously address the destruction of art has constrained THRASHER to bring this

lawsuit.

25.  Because the mural was destroyed without notice, THRASHER was not able to document the mural further.  Nor was he allowed to speak with Defendant(s) about possibly restoring the mural, removing the mural or garnering support from the community for the mural.

26.  On information and belief, "Six Heads" could have been removed from the building without substantial physical defacement, mutilation, alteration or destruction.

27.  On information and belief, employees or agents of Defendant John Doe 1 painted over the mural and had the right and ability to supervise painting out of the mural.

28.  On information and belief, Defendant Siegel, Defendant John Doe 1, or their agents painted over the mural and had knowledge of that activity or induced, caused or materially contributed to the conduct of the individuals who painted over the mural.

## FIRST CAUSE OF ACTION

**(Infringement of Rights of Integrity and Attribution (17 U.S.C. § 106A)**

**Against All Defendants)**

29.  Plaintiff realleges and reincorporates paragraphs 1-28 above, as though set forth fully herein.

30.  Plaintiff is the author of a work of visual art entitled "Six Heads." "Six Heads" is a work of visual art.

31.  On or about July 10, 2014, Defendants willfully and intentionally distorted, mutilated or otherwise modified "Six Heads" in a way that would be prejudicial or harmful to Plaintiff's honor and reputation, all in violation of Plaintiff's right of integrity, as set forth in Title 17, Section 106A(a)(3)(A) and Section 106A(a)(3)(B) of the United States Code.  Defendants did so by, among

other things, painting over the mural completely.  Defendants' acts were at least grossly negligent.  On information and belief, Defendants were on notice as to Plaintiff's legal right of integrity and its protection under the laws of the United States and California.  Plaintiff has not waived any of his rights of integrity under 17 U.S.C. § 106A.

32. Defendants also obliterated Plaintiff's name, so that the right of attribution is also implicated by their actions.

33. On information and belief, "Six Heads" could have been removed without the destruction, distortion, mutilation or other modification described in section 106A.

34. None of the Defendants made a diligent or diligent good faith attempt to notify Plaintiff of the intent to paint over "Six Heads."

35. Defendants' acts described above were willful and intentional and/or grossly negligent.  Defendants' desecration, distortion, mutilation and other modification of "Six Heads" is the proximate cause of prejudice to Plaintiff's honor or reputation.

## SECOND CAUSE OF ACTION

**(Intentional Desecration of Fine Art – Cal. Civ. Code § 987(c) (1) Against All Defendants)**

36. Plaintiff incorporates paragraphs 1-28, above, as though set forth fully herein.

37. As more fully set forth above, Plaintiff created "Six Heads" a work of fine art and of recognized quality, located at 1708 Vermont Ave., Los Angeles, California.

38. On or about July 9, 2014, Defendants willfully and intentionally defaced, mutilated, altered or destroyed, or authorized the mutilation, alteration or destruction of "Six Heads," in violation of Plaintiff's right of integrity, as set forth in Cal. Civ. Code § 987. Defendants did so by, among other things, painting over

the mural completely, without notice. Defendants were on notice as to Plaintiff's right of integrity, as protected both under the laws of the United States and California.

39. Defendants' willful and intentional distortion, mutilation and other modification of Plaintiff's mural is the proximate cause of damage in the amount of at least $250,000.

40. In committing the acts described in this complaint, Defendants, and each of them, acted in conscious disregard of the rights of Plaintiff and without taking advantage of preservation techniques that would have saved the mural for future enjoyment. The conduct of Defendants warrants an assessment of punitive damages to the extent such damages are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

## THIRD CAUSE OF ACTION

**(Conversion Against All Defendants)**

41. Plaintiff incorporates paragraphs 1 - 28 above, as though set forth fully herein.

42. As more fully set forth above, in 1992, Plaintiff painted "Six Heads" in Los Angeles, California. Plaintiff did not relinquish his ownership or title rights to "Six Heads."

43. On or about July 9, 2014, Defendants intentionally deprived of those rights by ultimately desecrating "Six Heads." Defendants' acts constitute a permanent deprivation of Plaintiff's rights and constitute a conversion under California law.

44. On information and belief, the conduct of Defendants in converting Plaintiff's property was carried on by Defendants in conscious disregard of Plaintiff's rights. The conduct of Defendants was so malicious, fraudulent and

oppressive as to warrant an assessment of punitive damages, to the extent such damages are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

a. That the Court order Defendants to pay to damages sufficient to compensate him for all damages resulting from desecration, distortion, mutilation and alteration of the mural, including, but not limited to deprivation of Plaintiff's property rights and damage to his honor and reputation;

b. That the Court order Defendants to pay to Plaintiff damages sufficient to compensate him for all damages proximately caused by their conversion;

c. That the Court assess punitive damages against Defendants sufficient to punish others from engaging in similar conduct in the future;

d. That the Court award Plaintiff statutorily mandated costs of this action, which include expert fees and attorneys' fees;

e. That the Court order testing of the wall and allow Plaintiff or his agents to access the wall to test and possibly restore the mural;

f. That the Court assess punitive damages against Defendants sufficient to punish others from engaging in similar conduct in the future; and

g. That the Court grants such other and further relief as the Court deems just and equitable.

Respectfully submitted:

DATED: April 24, 2017         KARISH & BJORGUM, PC

By: _____
Eric Bjorgum
Attorney for Plaintiff
MONTE THRASHER

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

Dated: April 24, 2017              Respectfully submitted,


By:_____
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff MONTE THRASHER