AO 121 (6/90)

| TO: | |
|---|---|
| Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☑ ACTION  ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| | U.S.D.C., Central District of California, Los Angeles, CA |
| DOCKET NO.  2:cv-17-03047 | DATE FILED  4/24/2017 |
| PLAINTIFF | DEFENDANT |
| Monte Thrasher | Marci Siegel; Co-Op 28; Bukowski's |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1  N/A (VARA/106A) | "Six Heads" | Monte Thrasher |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED: Minute Order | WRITTEN OPINION ATTACHED | DATE RENDERED |
|---|---|---|
| ☐ Order   ☐ Judgment | ☐ Yes   ☒ No | 4/15/19 |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| KIRY K. GRAY | [signature] | 8/26/19 |

DISTRIBUTION:
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3047 PSG (GJSx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Monte Thrahser v. Marci Siegel et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court DENIES Plaintiff's request for reconsideration and administratively closes the case**

On March 25, 2019, the Court denied Plaintiff Monte Thrasher's ("Plaintiff") third motion for default judgment in part and rendered it moot in part. *See* Dkt. # 38. First, the Court denied Plaintiff's motion as to Defendants Co-Op 28 and Bukowski's for failing to meet the notice requirements under Local Rule 55-2. *Id.* at 2. The motion was rendered moot as to Defendant Marci Siegel because her filing of bankruptcy triggered an automatic stay of judicial proceedings against her pursuant to 11 U.S.C. § 362(a). *Id.* In its order, the Court further ordered Plaintiff to show cause why the case should not be administratively closed until Defendant Siegel's bankruptcy proceeding is resolved. *Id.*

Plaintiff filed a timely response, agreeing that this matter can be administratively closed. Dkt. # 39, at 2:4. However, before the case is closed, Plaintiff asks the Court to reconsider its order denying default judgment in light of his objections. *Id.* at 2:4–13. Having considered Plaintiff's moving papers, the Court **DENIES** the request for reconsideration.

Plaintiff requests that the Court reconsider its order because he has met the notice requirement by making several attempts to serve Defendants with the motion for default judgment over the past year. *Id.* at 2:14–4:19. However, even if the Court were to find that Plaintiff had given adequate notice to Defendants, it would still deny the motion for default judgment. When multiple parties are involved in an action, the court may direct entry of final judgment as to fewer than all defendants "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3047 PSG (GJSx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Monte Thrahser v. Marci Siegel et al. | | |

552 (1872)). And even when defendants are not jointly liable, courts are advised to refrain from entering a default judgment against fewer than all defendants if they have similar defenses. *Id.*

Here, Plaintiff's complaint states that all "Defendants were acting in concert and active participation with each other in committing the wrongful acts" against him. *See Complaint*, Dkt. # 1, ¶ 11. Further, in her Notice of Bankruptcy, Defendant Siegel states that she was formerly doing business as Co-Op 28 and Bukowski's. *See* Dkt. # 37, Ex. A. Therefore, it appears that all three Defendants are jointly responsible for Plaintiff's claims. Plaintiff has not otherwise shown that there is "no just reason for delay" in entering default judgment against some but not all Defendants. As such, the Court finds that default judgment should not be entered against fewer than all Defendants in this matter.

For the foregoing reasons, the Court **DENIES** Plaintiff's request for reconsideration. The case is administratively closed and may be reopened by the filing of an ex parte application by any party after Defendant Siegel's bankruptcy is resolved.

**IT IS SO ORDERED.**